**In re FOUNDRY RESINS ANTITRUST LITIGATION**

No. MDL–1638.

Judicial Panel on Multidistrict Litigation.

Oct. 25, 2004.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, Jr., KATHRYN H. VRATIL and DAVID R. HANSEN, Judges of the Panel.

### TRANSFER ORDER

WM. TERRELL HODGES, Chairman.

This litigation currently consists of the seven actions in the Southern District of Ohio, two actions in the Western District of Pennsylvania, and one action each in the Central District of Illinois, the Northern District of Illinois, and the Eastern District of Wisconsin as listed on the attached Schedule A.[1] Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, brought by plaintiff in one Western District of Pennsylvania action for coordinated or consolidated pretrial proceedings of the actions in that district. All responding parties agree that 1407 transfer is warranted, but divide

1. The parties have identified three related actions pending in the Western District of Pennsylvania and another pending in the Southern District of Ohio. These four actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

The motion before the Panel as originally filed also pertained to a second action in the Northern District of Illinois; plaintiff dismissed this action and filed one in the Western District of Pennsylvania, *Urick Foundry Co. v. Ashland, Inc., et al.,* W.D. Pennsylvania, C.A. No. 1:04–218, which is included herein.

their support between two suggested transferee districts. Plaintiffs in an action and the potential tag-along action in the Southern District of Ohio proffer that district as an appropriate transferee forum. The responding defendants also propose the Southern District of Ohio as transferee district.[2] Plaintiffs in the ten other actions before the Panel and one potential tag-along action in the Western District of Pennsylvania support the motion for transfer to the Western District of Pennsylvania.

■ On the basis of the papers filed and hearing session held, the Panel finds that these twelve actions involve common questions of fact, and that centralization under Section 1407 in the Southern District of Ohio will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share allegations concerning whether the defendants participated in a combination or conspiracy to fix, raise, maintain, or stabilize prices for foundry resins. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings, including those with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

■ Either of the two suggested transferee districts, the Southern District of Ohio and the Western District of Pennsylvania, would be an appropriate transferee forum for this litigation. Numerous actions are pending in each district, and any differences in caseload and other docket conditions do not strongly favor one district over the other. On balance, we are persuaded that the Southern District of Ohio is a preferable transferee forum for this litigation. Two defendants maintain

headquarters within the district, which implies that relevant documents and witnesses will likely be found there. The presence of the government investigation and federal grand jury in the Southern District of Ohio also tilts toward centralization in the Southern District of Ohio.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Southern District of Ohio are transferred to the Southern District of Ohio and, with the consent of that court, assigned to the Honorable Gregory L. Frost for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

### SCHEDULE A

*MDL–1638—In re Foundry Resins Antitrust Litigation*

  *Central District of Illinois*
  *Caterpillar, Inc. v. Ashland, Inc., et al.,* C.A. No. 1:04–1199

  *Northern District of Illinois*
  *Buffalo Metal Casting Co. v. Ashland, Inc., et al.,* C.A. No. 1:04–4046

  *Southern District of Ohio*
  *Kulp Foundry, Inc. v. Ashland, Inc., et al.,* C.A. No. 1:04–434
  *Hayes–Albion Corp., et al. v. Ashland, Inc., et al.,* C.A. No. 2:04–415
  *Port Shell Molding Co. v. Ashland, Inc., et al.,* C.A. No. 2:04–439
  *Amite Foundry & Machine, Inc. v. Ashland, Inc., et al.,* C.A. No. 2:04–440
  *Atchison Casting Corp. v. Ashland, Inc., et al.,* C.A. No. 2:04–449
  *Lancaster Foundry Supply Co. v. Ashland, Inc., et al.,* C.A. No. 2:04–482
  *Johnstown Corp. v. Ashland, Inc., et al.,* C.A. No. 2:04–527

---

2. Responding defendants are Ashland Inc.; Ashland Specialty Chemical Co.; Borden Chemical, Inc.; Delta HA, Inc.; and HA–International, LLC.

*Western District of Pennsylvania*

*Zurn Industries, Inc. v. Ashland, Inc., et al.,* C.A. No. 1:04–170

*Urick Foundry Co. v. Ashland, Inc., et al.,* C.A. No. 1:04–218

*Eastern District of Wisconsin*

*Maynard Steel Casting Co. v. Ashland, Inc., et al.,* C.A. No. 2:04–573